There is insufficient evidence to show that plaintiffs November 30, 1997 injury that occurred at church is causally related to or is a natural consequence of the original admittedly compensable injury by accident of June 15, 1997. Therefore, I must respectfully dissent from the majority opinion.
In considering whether a second injury is the direct and natural result of a compensable initial injury by accident, medical testimony is generally required to establish the necessary causation. Heatherly v. Montgomery Components, Inc.,71 N.C. App. 377, 323 S.E.2d 29, disc. review denied, 313 N.C. 329,327 S.E.2d 890 (1984). In the instant case, the requisite medical testimony to establish a causal link is not present. Plaintiff contends that instability in her left knee resulted from the June 15, 1996 injury and two surgeries and caused her November 30, 1997 accident while she was walking at church. However, Dr. Humble, the treating physician who performed the two surgeries resulting from the June 15, 1996 injury, indicated that there was no instability present in plaintiffs knee. Furthermore, any lasting effects would not make the knee unsteady while standing or at a normal gait. It is significant that plaintiffs initial accounts of the injury at church do not indicate that she felt any instability but rather that she suddenly fell or that she slipped and fell backwards. It was not until two weeks after the accident at church that any records made reference to a giving way of plaintiffs knee. As recognized by the Rules of Evidence, plaintiffs initial statements are the most reliable and are, in fact, consistent with the medical opinions of Dr. Humble. Furthermore, when questioned regarding a plaintiff who gives an evolving history, Dr. James felt that the original history tended to be the more accurate.
Finally, since there are numerous possible causes of plaintiffs November 30, 1997 fall Dr. James could not state medical causation to a reasonable degree of certainty. All that Dr. James could state was that it was a mere possibility that the previous June 15, 1996 injury was the cause of her November 1997 fall.
In the event that plaintiffs November 1997 fall could medically be related to her original compensable injury, I agree with the majority that plaintiff nevertheless is not entitled to temporary total or temporary partial disability benefits directly following her voluntary resignation of June 1997. At the time of her resignation, plaintiff had been released by Dr. Humble to light duty work. Defendant-employer had work available within her restrictions. In fact, at the time of her resignation, plaintiff, herself, knew that she was capable of employment as she did not attempt to claim further benefits or seek medical treatment until after her November 30, 1997 injury at church.
Plaintiffs claim for further benefits should be denied due to the lack of medical evidence regarding continued causation and her voluntary resignation, which is unrelated to her admittedly compensable injury. Accordingly, I must respectfully dissent.
 S/_______________ DIANNE C. SELLERS COMMISSIONER